# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEEPING GOVERNMENT BEHOLDEN, INC.<br>989 Tahoe Boulevard, Unit 93U<br>Incline Village, NV  89451<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530,<br><br>    Defendant. | Civil Action No. 1:17-cv-1569 |

## COMPLAINT

Plaintiff Keeping Government Beholden, Inc. brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Keeping Government Beholden, Inc. ("KGB") is a non-profit tax-exempt business incorporated in the state of Nevada.

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by KGB which are the subject of this action.

5. The Federal Bureau of Investigation ("FBI") and Office of Information Policy ("OIP") are DOJ components.

## *PART I: RECORDS ABOUT EMAIL MANAGEMENT PRACTICES*

### FIRST CAUSE OF ACTION

### (FBI – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN)

6. KGB repeats and realleges the allegations contained in all paragraphs set forth above.

7. On 20 March 2017, KGB submitted to FBI by fax a FOIA request for "all records documenting or memorializing training given to staff of the following offices since 1 January 2016 about records management or retention: Office of the Director[;] Office of Integrity and Compliance[;] Record/Information Dissemination Section[;] Washington Field Office."

8. KGB further stated that it was "requesting these records as part of a pilot study of twelve agencies to ascertain the degree and nature of their understanding of and compliance with records management directives, especially those involving emails. KGB intends to compare the information released in response to this request with the reports filed by the agency so as to determine how the agency actually *executes* its records management policies and practices, as opposed to how it *reports* them." Accordingly, KGB requested a public interest fee waiver.

9. Even though KGB received an acknowledgement from FBI's fax machine indicating that the fax was completed, KGB has not received any response from FBI to this request as of this writing.

10. KGB has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by FBI of said right.

## SECOND CAUSE OF ACTION

## (FBI – CONSTRUCTIVE RECORDS DENIAL – 1371008-000)

11. KGB repeats and realleges the allegations contained in all paragraphs set forth above.

12. FBI stores many of its records in a system called the "Central Records System," or "CRS."

13. On 2 April 2017, KGB submitted to FBI a FOIA request for "all records documenting or memorializing training, guidance, or instruction given to FBI employees or contractors regarding how to define 'pertinent' in terms of the CRS, how to determine which records are 'of investigative significance' or 'of investigative interest' sufficient to warrant being placed in the CRS, or anything else which would reflect training, guidance, or instruction about how FBI employees or contractors should determine which records to place in the CRS."

14. KGB explained that it was basing this request on four sworn declarations filed by FBI's senior FOIA officer David Hardy in three cases, which it attached to the request. It stated, "On page 14 of the attached Hardy Declaration from Case No. 14-483, David Hardy states, 'FBI indexes *pertinent* information into the CRS to facilitate retrieval based on operational necessity' (emphasis added). On page 15 of that same declaration, he states, '*pertinent* records in e-mail format would also be contained in CRS files' (emphasis added). These statements are repeated on pages 6 and 7 of the attached 5th Hardy Declaration from the same case, respectively, as well. On page 8 of the attached 3rd Hardy Declaration from Case No. 13-532, he states, 'Emails that have *investigative significance* are serialized by agents and placed in the CRS for record-keeping

3

and future retrieval' (emphasis added).  On page 10 of the attached Hardy Declaration from Case No. 16-742, he states, 'the CRS is where the FBI indexes information about individuals, organizations, events, and other subjects *of investigative interest* for future retrieval' (emphasis added)."

15. KGB further stated that it was "requesting these records as part of a pilot study of twelve agencies to ascertain the degree and nature of their understanding of and compliance with records management directives, especially those involving emails.  KGB intends to use responsive records to determine how the agency actually *executes* its records management policies and practices, especially since FBI has been markedly reluctant to explain in litigation like the above cases how it makes determinations regarding the selection of records for placement into the CRS."  Accordingly, KGB requested a public interest fee waiver.

16. On 10 April 2017, FBI acknowledged receipt of this request and assigned it Request No. 1371008-000.  FBI stated that it had not yet reached a decision regarding KGB's request for a public interest fee waiver.

17. KGB has not received any substantive response from FBI to this request as of this writing.

18. KGB has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by FBI of said right.

### THIRD CAUSE OF ACTION

### (FBI – RECORDS DENIAL – 1370336-000)

19. KGB  repeats and realleges the allegations contained in all paragraphs set forth above.

20.     On 20 March 2017, KGB submitted to FBI by fax a FOIA request for "all email correspondence exchanged between J.P. Schmidt and any FBI email address since 1 January 2016." KGB explained that J.P. Schmidt was the National Archives and Records Administration Appraisal Archivist assigned to FBI according to the most current published list.

21.     KGB added, "*If another Appraisal Archivist was assigned to FBI at any point in this time period, please expand the scope of this request to include that person's email correspondence with FBI as well.* You may limit the scope of this request to employees or contractors whose official duties would include interacting with NARA regarding records management issues."

22.     KGB further stated that it was "requesting these records as part of a pilot study of twelve agencies to ascertain the degree and nature of their understanding of and compliance with records management directives, especially those involving emails. KGB intends to compare the information released in response to this request with the reports filed by FBI so as to determine how the agency actually *executes* its records management policies and practices, as opposed to how it *reports* them." Accordingly, KGB requested a public interest fee waiver.

23.     On 30 March 2017, FBI acknowledged receipt of this request and assigned it Request No. 1370336-000. FBI stated that it could neither confirm nor deny the existence of any responsive records because of the privacy interests of third party individuals. FBI did not address KGB's request for a public interest fee waiver.

24.     On 5 April 2017, KGB appealed this decision to OIP. KGB stated, "This request is for correspondence between FBI and the NARA Appraisal Archivist assigned to it. A Glomar response in this case is ludicrous. First, none of the records are law enforcement records, making Exemption (b)(7)(C) completely inappropriate. Second, the NARA Appraisal Archivist

has no privacy interest in the records he exchanges as part of his job with agency officials about records retention, let alone in the fact that he has been communicating with them, since that is part of his job description."

25. On 6 April 2017, OIP acknowledged receipt of this appeal and assigned it Appeal No. DOJ-AP-2017-003393.

26. On 2 August 2017, OIP affirmed FBI's determination "on modified grounds," stating that the request did not reasonably describe the records sought because it "does not provide enough detail to allow agency personnel to locate responsive records with a reasonable amount of effort," adding, "Your client must provide a more clearly identified group of FBI individuals whose emails should be searched."

27. KGB has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by FBI of said right.

## PART II: RECORDS DEMONSTRATING EMAIL MANAGEMENT PRACTICES

## FOURTH CAUSE OF ACTION

## (FBI – RECORDS DENIAL – NFP-70180)

28. KGB repeats and realleges the allegations contained in all paragraphs set forth above.

29. In addition to requests seeking records *about* FBI's email management practices, KGB also submitted requests for records which would *demonstrate* FBI's email management practices by showing which types of emails are *not* being stored in the CRS, so that those results can be compared to the policies, guidance, and training responsive to its other requests.

30. On 21 March 2017, KGB submitted to FBI by fax a FOIA request for "all email correspondence *which is not stored in the Central Records System ("CRS")* sent or received by

the following officials (or acting officials, if appropriate) in the ten business days prior to the date you commence your search: Director of the FBI and Chief of Staff[;] Chief Compliance Officer, Office of Integrity and Compliance[;] Chief of the Record/Information Dissemination Section[;] Assistant Director in Charge and Special Agents in Charge of the Washington Field Office[;] Assistant Director in Charge and Special Agents in Charge of the New York Field Office[;] Legal Attaché of the U.S. Embassy in London, England."

31. KGB further stated that it was "requesting these records as part of a pilot study of twelve agencies to ascertain the degree and nature of their understanding of and compliance with records management directives, especially those involving emails. KGB intends to compare the information released in response to this request with the reports filed by FBI so as to determine how the agency actually *executes* its records management policies and practices, as opposed to how it *reports* them." Accordingly, KGB requested a public interest fee waiver.

32. On 4 April 2017, FBI acknowledged receipt of this request and assigned it Request No. NFP-70180. FBI closed the request, stating that "it does not provide enough detail to enable personnel to locate records 'with a reasonable amount of effort.'" FBI added, "Your multi-part request is overbroad in scope, seeks information in vague and undefined terms, and prescribes no time-frame limits." FBI did not address KGB's request for a public interest fee waiver.

33. On 25 April 2017, KGB appealed this decision to OIP. KGB stated, "This request was for all emails sent or received by certain FBI officials within a narrow time frame (ten business days prior to the search). It was further limited to only those emails not included in the CRS, presumably making a narrow universe of responsive records. Nevertheless, FBI refused to process the request, saying that it 'is overbroad in scope, seeks information in vague and

undefined terms, and prescribes no time-frame limits.' This is a thoroughly frivolous decision. Regarding the scope, it is narrowly focused only on the emails located in the email accounts of a small number of people during a small period of time. The terms used were concrete and explicit, and the time-frame limit was written in the request itself. There is no part of this response which applies to this request."

34. On 25 April 2017, OIP acknowledged receipt of this appeal and assigned it Appeal No. DOJ-AP-2017-003725.

35. On 10 May 2017, an OIP employee emailed KGB's undersigned counsel seeking clarification of the request. She stated, "The first paragraph appears to state that the request seeks only those emails not included in CRS. The second paragraph says it only seeks emails located in the email accounts of the people requested. It appears that it could be interpreted different ways which would result in different searches: 1) a search of email accounts; no search of CRS or 2) a search of email accounts followed by a search of CRS and then a cross-check of those two searches to produce those emails that only appear in the email accounts and eliminate the emails that are in CRS."

36. The same day, KGB's undersigned counsel responded, "#2 is closer if that is the only way to exclude CRS, but FBI may have another way to do that that I do not know about. But #1 would not work because my client needs to know which emails are not in CRS, and a simple email search wouldn't show that because it would presumably yield emails that were in CRS along with the emails that weren't. Bottom line, we need to know that the emails we get are not in CRS."

37.     On 31 May 2017, OIP affirmed FBI's determination, stating that the request did not reasonably describe the records sought because it "would require multi-part searches followed by multi-level manual review and comparison."

38.     KGB has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by FBI of said right.

## FIFTH CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 1374169-000)

39.     KGB repeats and realleges the allegations contained in all paragraphs set forth above.

40.     The FBI *Records Management Manual* defines transitory records as records which "are kept for short periods of time until a specific action has occurred, after which the file or document no longer has value," and states, "Many e-mail messages can be characterized as transitory correspondence, which should be routinely purged once its usefulness has ended."

41.     Upon information and belief, it is standard FBI practice to denote emails classified as transitory records by including the word "transitory" in the message.

42.     On 11 May 2017, KGB submitted to FBI a request for "all emails sent or received by former FBI Director James Comey between 1/1/17- 5/9/17 which contain the word 'transitory.'  You may limit your search to Director Comey's email account and do not need to search other email accounts.  You may not limit your search to the CRS."

43.     On 24 May 2017, FBI acknowledged receipt of this request and assigned it Request No. 1374169-000.

44. On 30 June 2017, FBI closed the request, stating that "it does not provide enough detail to enable personnel to locate records 'with a reasonable amount of effort;' it is unduly burdensome."

45. On 30 June 2017, KGB appealed this decision to OIP. KGB stated, "We specifically limited the request to emails sent to or from one person (Director Comey) within a specific time frame (January-May) containing a specific term (transitory); this is a reasonably described request which is not unduly burdensome." KGB requested expedited processing of this appeal, in large part because of the risk of FBI destroying these "transitory" emails pursuant to its stated policy of "routinely purg[ing] [transitory correspondence] once its usefulness has ended" before OIP adjudicated the appeal, since FBI appeared to be taking the position that it did not even have to search for responsive emails, let alone retain them.

46. On 30 June 2017, OIP acknowledged receipt of this appeal and assigned it Appeal No. DOJ-AP-2017-005059.

47. On 3 July 2017, OIP denied KGB's request for expedited processing and directed KGB to contact Sean O'Neill if it wanted to discuss the matter.

48. On 5 July 2017, KGB's undersigned counsel emailed Mr. O'Neill, stating, "Sean, please be aware that we are completely serious about the repercussions if we learn that FBI destroyed these records because they were 'transitory' while OIP was processing this appeal. Please advise FBI in no uncertain terms that they are not allowed to destroy any emails meeting the criteria of this request until this matter has been resolved. If FBI does destroy any records which would be responsive to this request, we will aggressively seek sanctions for evidence spoliation against both FBI and OIP."

49. On 6 July 2017, Mr. O'Neill replied, "I will pass this along to the attorney handling your appeal. I am sure that the FBI has a process for preserving records that are the subject of a FOIA appeal."

50. KGB has not received any substantive response from OIP to this appeal as of this writing.

51. KGB has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by FBI of said right.

## *PART III: CONGRESSIONAL CORRESPONDENCE ABOUT DIRECTOR COMEY*

## SIXTH CAUSE OF ACTION

## (FBI – CONSTRUCTIVE RECORDS DENIAL – 1374170-000)

52. KGB repeats and realleges the allegations contained in all paragraphs set forth above.

53. On 10 May 2017, KGB submitted to FBI a FOIA request for "records of all correspondence or information sent to or received from Members of Congress. Congressional Committees. or Congressional staffers since l May 2017 regarding the termination of FBI Director James Comey."

54. KGB further requested a public interest fee waiver "since the topic of this request is obviously of tremendous public interest and is one of the most heavily reported and debated topics in the media" and requested expedited processing "due to the widespread and exceptional media interest in this subject and the fact that it raises significant questions about the integrity of government operations which affect public confidence."

55. On 14 June 2017, FBI acknowledged receipt of this request and assigned it Request No. 1374170-000. FBI granted KGB's request for expedited processing but did not address KGB's request for a public interest fee waiver.

56. KGB has not received any substantive response from FBI to this request as of this writing.

57. KGB has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by FBI of said right.

## SEVENTH CAUSE OF ACTION

## (OIP – CONSTRUCTIVE RECORDS DENIAL – DOJ-2017-003993)

58. KGB repeats and realleges the allegations contained in all paragraphs set forth above.

59. On 10 May 2017, KGB submitted to OIP a FOIA request for "records of all correspondence or information sent to or received from Members of Congress. Congressional Committees. or Congressional staffers since l May 2017 regarding the termination of FBI Director James Comey." KGB further requested a public interest fee waiver and expedited processing for the reasons listed above.

60. On 19 May 2017, OIP acknowledged receipt of this request and assigned it Request No. DOJ-2017-003993. OIP granted KGB's request for expedited processing but stated that it had not yet reached a decision regarding KGB's request for a public interest fee waiver.

61. KGB has not received any substantive response from OIP to this request as of this writing.

62. KGB has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by OIP of said right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Keeping Government Beholden, Inc. prays that this Court:

(1)     Order the Department of Justice to release all requested records to him;

(2)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5)     Grant such other relief as the Court may deem just and proper.

Date:   August 2, 2017

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*