# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| KEEPING GOVERNMENT BEHOLDEN, INC., | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 17-cv-01569 (KBJ) |
| v. | ) ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO EXPEDITE

Before this Court at present is Plaintiff Keeping Government Beholden's motion to expedite this case pursuant to the Federal Courts Civil Priorities Act, 28 U.S.C. § 1657. (*See* Pl.'s Mot. to Expedite Consideration of Count 5 ("Pl.'s Mot."), ECF No. 13.) Plaintiff asks this Court to expedite its review of this case and thereby compel the Federal Bureau of Investigation ("FBI") to "process and release records responsive to Count 5 [of the Complaint] biweekly and at a rate greater than 500 pages/month." (*Id.* at 1.) For the reasons that follow, Plaintiff's motion will be **DENIED**.

Under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("the FOIA"), FOIA requestors may request that an agency expedite the processing of a FOIA request. *See* 5 U.S.C. § 552(a)(6)(E). However, if the FOIA requestor fails to seek expedition at the administrative level, it cannot later make such a request before the district court. *See Am. Civil Liberties Union v. DOJ*, 321 F. Supp. 2d 24, 28 (D.D.C. 2004). This requirement allows the agency to take the first crack at any request for expedited processing and to provide its input and expertise as the parties develop an

administrative record that may eventually support judicial review. *See Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp. 2d 111, 112 (D.D.C. 2001); *see also Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003).

Recognizing this and acknowledging its failure to seek expedited review directly from the agency, Plaintiff here insists that it is not asking for a district court order that requires expedited processing *under the FOIA*; instead, Plaintiff asks this Court to order DOJ to expedite review of the documents pertaining to Count Five of Plaintiff's complaint pursuant to 28 U.S.C. § 1657(a), a statute that allows litigants to request that a federal court expedite its review of an action when "good cause therefor is shown." 28 U.S.C. § 1657(a); *see also id*. ("'Good cause' is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit.").

After reviewing the parties' arguments and the relevant law surrounding 28 U.S.C. § 1657(a), the Court has decided that Plaintiff's motion cannot be sustained. For one thing, Plaintiff has not clearly demonstrated that section 1657(a) is a generally acceptable route for seeking expedition of the processing of documents under the FOIA. By its terms, that statute authorizes a court to "expedite the consideration of any *action*" filed pursuant to various provisions, 28 U.S.C. § 1657(a), and says nothing about a court's authority to order an agency to expedite its own processing of records under the FOIA. By contrast, the FOIA itself expressly addresses the authorized procedure for the expedition of the agency's processing obligations, as described above. The fact that Congress has provided an avenue for FOIA requestors to seek expedited

processing from an agency and also judicial review of that agency decision, *see* 5. U.S.C. § 552(a)(6)(E), renders dubious Plaintiff's contention that FOIA requesters can do an end-run around the prescribed procedures by requesting that a court order the agency to expedite its document processing under 28 U.S.C. § 1657(a) instead.

The only available cases in which courts have seen fit to apply section 1657(a) in the FOIA context are those in which there was manifest good cause for expedited review of the record and consideration of the FOIA dispute. For example, as noted in *Summers v. DOJ*, 733 F. Supp. 443, 444 n.4 (D.D.C. 1990), courts have granted such relief when a requestor needs the information to either "appeal his death penalty sentence" or "to avoid deportation." Similarly, in *Ferguson v. FBI*, the court ordered expedition under section 1657(a) because the agency had taken four years to respond to a state prisoner's FOIA request, and the relevant documents pertained to the incarcerated individual's contention that he had been wrongfully convicted of conspiracy to commit murder. *See* 722 F. Supp. 1137, 1139, 1144–45 (S.D.N.Y 1989).

The Plaintiff here has not made any similar showing of significant need, much less the kind of *urgent* need that could possibly justify this Court's application of section 1657(a) to excuse Plaintiff's failure to seek expedition directly from the agency. There is nothing about the requested records themselves—i.e. "all emails sent or received by former FBI Director James Comey between 1/1/17 – 5/9/17 which contain the word 'transitory'" (Compl. ¶ 42, ECF No. 1)—that indicates that fast processing is warranted; in fact, Plaintiff appears to acknowledge that very little is even known about the content of these records. *See* (Pl.'s Mot. at 4 ("No member of the public knew then—or knows now—how many of those emails were sent or received, what exactly

they pertained to, or more importantly for this case, whether they were considered administrative or investigatory records.").) Moreover, the fact that these particular records may be of public interest at the moment is not, standing alone, sufficient to justify expedited processing of Plaintiff's request. *See Long v. Dep't of Homeland Security*, 436 F. Supp. 2d 38, 43, (D.D.C. 2006) (emphasizing that there must be "an ongoing public controversy" that needs to be resolved within "a specific time frame"). And this is especially so where, as here, there are other potential avenues for public release of the same information that Plaintiff has requested. (*See* Decl. of David M. Hardy, ECF No. 15-1, at ¶ 16(g) (noting that this FOIA request is merely one of "numerous requests for records related to James Comey and his firing by President Donald Trump").)

Finally, this Court is satisfied that Plaintiff's purported concerns regarding the imminent destruction of records responsive to Count Five (*see* Pl.'s Mot. at 4) have been addressed. The FBI's declarant states that the agency has already located all documents potentially responsive to Count Five, and that those documents have been preserved. (*See* Hardy Decl. at ¶ 5.) Thus, rather than creating additional delay by continuing to press for expedition under a statutory provision that is not plainly applicable to the instant circumstances, this Court suggests that Plaintiff engage with the government to negotiate a processing and production schedule that is more generous than the one that the government intends to follow.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to expedite review of Count Five under 28 U.S.C. § 1657(a) is **DENIED.**

Date: December 1, 2017

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge